**Eli Mimi LOPEZ–ESCOBAR, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 09–70445.

United States Court of Appeals, Ninth Circuit.

Submitted June 26, 2012.*

Filed July 10, 2012.

Leticia Torres Moreno, Law Offices of Leticia T. Moreno, APC, Commerce, CA, for Petitioner.

Eli Mimi Lopez–Escobar, Los Angeles, CA, pro se.

Steven Frank Day, Esquire, Daniel Shieh, Esquire, Trial, DOJ—U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

MEMORANDUM **

Eli Mimi Lopez–Escobar, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen. We have jurisdiction under 8 U.S.C.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 1252. We review for abuse of discretion the denial of a motion to reopen, *Toufighi v. Mukasey,* 538 F.3d 988, 992 (9th Cir. 2008), and we grant the petition for review.

In denying the motion, the BIA found the evidence suggests the guerillas spare relatives from retribution. The BIA abused its discretion in denying the motion because it failed to address the evidence of direct threats to her family submitted by Lopez–Escobar. *See Franco–Rosendo v. Gonzales,* 454 F.3d 965, 966 (9th Cir.2006) (the BIA abuses its discretion in denying a motion to reopen "when it fails to consider and address in its entirety the evidence submitted by a petitioner") (internal quotation marks omitted).

**PETITION FOR REVIEW GRANTED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.